OPINION- OF THE COURT — by the
Horr. J. R.. NICHOLSON.
In this case, the bill alleges that complainants sold to defendant’s testator a tract of land of 250 acres, at four dollars per acre; that three hundred dollars of the purchase money was paid complainant by discontinuing a debt of that amount owing from complainant to defendant’s testator, and that the defendant’s testator gave to complainant notes on Bartholomew dames and John Pierce for the balance of the purchase money.
The bill further alleges, that the complainant was"to have the principal and interest duo on said notes; but that James and Pierce were wholly insolvent, and unable to pay said notes, and that he was ignorant of the fact of their insolvency, at the time he purchased the notes.
It is further alleged in the bill, that complainant, in 1821, called on the said Henry Turner, defendant’s testator, and informed him that he had. *499 Uet been able to collect any thing from James and Pierce, and that said Turner received said notes back, and promised complainant that, on his return from Kentucky, he would give him other notes in lieu thereof, on men that were able to pay; but, before complainant returned from Kentucky, said Turner had departed this life.
The complainant further alleges that, in 1822, he called on the defendant, as executrix of said Henry Turner, and requested her to fulfil the agreement made between complainant and her testator; and that said defendant referred him to Martin Whiting, Esqr., for a settlement of his claim, who, she said, was authorized and empowered to transact such business; that, after complainant had applied to "said Whiting, and he had made a calculation of principal and interest due on said notes, complainant returned to said defendant, and requested a fulfilment of the contract last aforesaid; at which time, defendant said she had nothing to do with the business, and the bill thus concludes, by praying a decree in complainant’s favor, for the amount of James’ and Pierce’s notes, with interest thereon, from the time they became due, &c.
To this bill there is an answer, denying all the material allegations of the bill, and settingup, by way of plea, an agreement in writing, signed by said complainant, in which he says that he acquits the said defendant’s testator from all loss that may accrue, on account of said claims severally, and respectively, and that he took said claims “for good or bad, for better or worse, and free from recourse on said Turner.”
I confess that, on hearing this bill read, I was somewhat surprised to find it had been answered, instead of being demurred to. It appears to me to be a case, in which, if there was any remedy, that remedy was complete at law, and that an action of assumpsit would have eotapletely embraced the case.
This is not a bill of discovery, and the only grounds upon which the complainant expects to proceed, is the subsequent promise which he says was made by defendant’s testator in 1821.
It is a principle well recognized, in chancery proceedings, that, where the complainant’s remedy is purely legal, a court of equity will not entertain jurisdiction, notwithstanding the defendant may have answered, instead of demurring; Bibb, 213.
*500 The court being entirely satisfied that this is such a case, the bill must be dismissed, and complainant pay the cost.
Judges Cage and Montgomery concur.